# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-41159
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALBERT ALVARADO

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-291-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Albert Alvarado was convicted by a jury of two counts of harboring undocumented aliens in violation of 8 U.S.C. § 1324(a). He appeals his sentence of concurrent 58-month terms of imprisonment and concurrent three-year terms of supervised release. Alvarado argues that the sentencing court erred by failing to downwardly adjust his sentence sua sponte because he was not motivated by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

profit[1] and because his role in the offense was minor.[2] He also argues that the sentencing court plainly erred by enhancing his offense level for obstruction of justice based on his trial testimony[3] and further enhancing his offense level because the offense involved a substantial risk of death or serious bodily injury.[4]

Because Alvarado did not raise these objections at sentencing we review all of his arguments for plain error.[5] Alvarado's challenges to the adjustments to his offense level are all based on factual determinations that were made or, in the case of the argued-for downward adjustments, could have been made, by the district court. Essentially, Alvarado argues that the court's factual determinations are not supported by the record. "[Q]uestions of fact capable of resolution at sentencing can never constitute plain error."[6] Accordingly, Alvarado is not entitled to appellate relief.

AFFIRMED.

---

[1] U.S.S.G. § 2L1.1(b)(1).

[2] U.S.S.G. § 3B1.2(b).

[3] U.S.S.G. § 3C1.1.

[4] U.S.S.G. § 2L1.1(b)(6).

[5] *U.S. v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

[6] *U.S. v. Fierro*, 38 F.3d 761, 774 (5th Cir. 2004) (citing *U.S. v. Guerrero*, 5 F.3d 868, 871 (5th Cir.1993)).